COMISIÓN DE INDEMNIZACIONES A OBREROS, PETICIONARIA, *v.* LA
CORTE DE DISTRITO DE AGUADILLA, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido
a la Corte de Distrito de Aguadilla, Hon. Tomás Bryan,
Juez.

No. 390.—Resuelto en enero 19, 1923.

TRABAJO—COMISIÓN DE INDEMNIZACIONES A OBREROS—DECISIONES APELABLES—
TÉRMINO PARA APELAR.—Las decisiones de la Comisión de Indemnizaciones a
Obreros dictadas en reconsideración de decisiones del presidente o del comi-
sionado permanente en casos de incapacidad transitoria, son apelables por el
obrero para ante la corte del distrito competente y el término para apelar
no empieza a correr hasta que el obrero haya sido notificado de la decisión
dictada en reconsideración.

ID.—APELACIÓN PREMATURA—SENTENCIA NULA.—En el presente caso el obrero
lesionado pidió a la Comisión de Indemnizaciones que reconsiderara la resolu-
ción del presidente, y sin aguardar la decisión de la comisión, dentro del
término fijado por la ley para apelar de las decisiones de la comisión, ar-
chivó su apelación contra la decisión del presidente en la corte de distrito,
la cual dictó sentencia por los méritos. *Se resolvió:* que era prematura la
apelación, siendo en su consecuencia nula la sentencia dictada.

Los hechos están expresados en la opinión.

Abogado de la peticionaria: *Sr. L. Samalea.*

Abogado del demandante: *Sr. B. Esteves.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

José Rodríguez, trabajando como bracero en las obras de
construcción de un edificio, recibió ciertas lesiones. Se co-
municó el hecho a la Comisión de Indemnizaciones a Obreros.
Se oyó el informe del perito médico de la comisión calificando
el caso de incapacidad transitoria y el presidente de la co-
misión ordenó el pago al lesionado de $54 por 108 días que
estuvo impedido de trabajar y el de otras sumas por honora-
rios médicos y gastos de viaje y hospedaje. La resolución
del presidente tiene fecha 27 de marzo de 1922.

No conforme el obrero pidió a la comisión que reconside-
rara la resolución del presidente, y sin aguardar la deci-
sión de la comisión, dentro del término fijado por la ley para

apelar de las decisiones de la comisión, archivó su apelación en la Corte de Distrito de Aguadilla, dentro de cuyo distrito ocurrió el accidente. La comisión fué emplazada. No compareció. Se celebró el juicio en su ausencia y la corte, basándose en la prueba practicada, estimó que se trataba de un caso de incapacidad parcial permanente y concedió al obrero la indemnización de dos mil dólares ordenando su pago a la comisión apelada.

La sentencia de la corte de distrito tiene fecha 12 de julio de 1922. El 26 de julio la comisión pidió a la corte que dejara sin efecto su sentencia, abriera la rebeldía y le permitiera archivar un escrito de excepciones y contestación. Se opuso el obrero y la corte negó lo solicitado. Apeló la comisión para ante esta Corte Suprema y su apelación fué desestimada por no estar autorizada por la ley. Entonces la comisión estableció el presente recurso de *certiorari,* expidiéndose el auto y celebrándose la vista el día 10 de diciembre pasado.

¿Tuvo jurisdicción la corte de distrito para pronunciar su sentencia de 12 de julio último? Veámoslo.

El artículo 6 de la ley sobre la materia, tal como quedó enmendado en 1921, Leyes de 1921, pág. 481, en sus párrafos primero y tercero, que son los pertinentes, dice:

"Art. 6.—Por la presente se crea una comisión que se denominará 'Comisión de Indemnizaciones a Obreros,' la cual se compondrá de cinco miembros y se constituirá del modo siguiente: el Gobernador, con la aprobación del Senado, nombrará un presidente, quien será el jefe administrativo de las oficinas de la comisión. Tres miembros serán designados en las elecciones generales de noviembre, debiendo designarse un candidato por cada uno de los tres partidos políticos que obtuvieron el mayor número de votos en las elecciones anteriores; *Disponiéndose,* que este precepto en nada afectará a los comisionados electos en las elecciones celebradas el 2 de noviembre de 1920. El quinto miembro será permanente y percibirá un sueldo de dos mil seiscientos (2,600) dólares anuales, y su nombramiento será hecho por el Gobernador, con el consejo y consentimiento del

Senado.  La comisión elegirá uno de sus miembros como vice-presidente, quien presidirá las sesiones en los casos de ausencia justificada del presidente.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"El presidente y el comisionado permanente tendrán facultades para resolver todos los casos de incapacidad transitoria, dando cuenta a la comisión en su primera sesión de las resoluciones dictadas por cada uno de ellos, cuyas resoluciones podrán ser reconsideradas por la comisión a propia iniciativa o a solicitud del obrero lesionado o patrono, interesados en el caso resuelto, cuando la petición de reconsideración se haga dentro de los diez días después de notificado el interesado de la decisión recaída."

Y el párrafo primero del artículo 9 de la propia ley, Leyes de 1921, pág. 487, lee como sigue:

"Art. 9.—Se concederá al obrero recurso de apelación contra la decisión de la Comisión de Indemnizaciones a Obreros para ante la corte de distrito del distrito en donde ocurrió el accidente al reclamante, en todos los casos en que se considere perjudicado por el acuerdo de la comisión."

A la luz de esos preceptos es que debe resolverse la cuestión planteada.

El presidente no es la comisión.  Tampoco lo es el comisionado permanente.  La ley dispone que el presidente y el comisionado permanente pueden resolver por sí solos los casos de *incapacidad transitoria*.  La resolución de los casos de *muerte,* de *incapacidad total* o de *incapacidad parcial permanente,* está reservada por la ley a la comisión en pleno.  Cuando el presidente o el comisionado permanente actúan por sí solos, las resoluciones que dictan pueden ser reconsideradas por la comisión a propia iniciativa o a solicitud del obrero lesionado o del patrono.  El recurso de apelación que se concede para ante las cortes de distrito lo es de las decisiones de la comisión, no de las resoluciones del presidente o del comisionado permanente.

Sostiene el obrero lesionado—que intervino en el *certiorari* por escrito y oralmente—que si se hubiera limitado a acudir a la comisión pidiéndole que reconsiderara la resolución del presidente y dicha comisión no hubiera actuado, como no lo hizo, dentro del término fijado para apelar, hubiera perdido su recurso.   En manera alguna.   El término para apelar no comenzaría a correr hasta que el obrero hubiera recibido el aviso de la decisión de la comisión resolviendo su petición de reconsideración de la resolución del presidente.

Se sostiene también por el obrero lesionado que una decisión resolviendo una moción de reconsideración no es apelable.   La jurisprudencia que invoca no tiene aplicación.   No es al mismo organismo o tribunal que dicta la resolución o sentencia final a quien se pide la llamada reconsideración en este caso, que más bien que reconsideración debió llamarse apelación o alzada.   La comisión en pleno interviene por primera vez y la decisión a que llegue será su única actuación. Es en el caso de que confirme la resolución del presidente, que dicha resolución se convierte en decisión de la comisión y es entonces que puede apelarse de ella para ante la corte de distrito competente.

Siendo todo ello así, es claro que la Corte de Distrito de Aguadilla intervino prematuramente en este caso que estaba aún dentro de la jurisdicción de la Comisión de Indemnizaciones a Obreros.   Su actuación es, por lo tanto, nula y así debe decretarse.

> *Con lugar el* certiorari *y anulada la sentencia de la corte inferior.*

Jueces   concurrentes: Sres. Asociados   Wolf,   Aldrey, Hutchison y Franco Soto.