CORTÉS, PETICIONARIA Y APELANTE, *v.* COMISIÓN DE INDEM-
NIZACIONES A OBREROS, DEMANDADA Y APELADA.

No. 3098.—*Visto:* Enero 29, 1924.  *Resuelto:* Mayo 31, 1924.

ACCIDENTES DEL TRABAJO—RESOLUCIÓN FINAL DE LA COMISIÓN DE INDEMNIZACIO-
NES—APELACIÓN—RECONSIDERACIÓN.—Una resolución de la Comisión de In
demnizaciones a Obreros es final y como tal apelable para ante la·Corte de
Distrito competente, de acuerdo con lo prescrito en el artículo 9 de la Ley
No. 61 de 1921 sobre la materia.  El hecho de que en la resolución concreta
de que se trata se exprese que ''podrá ser reconsiderada por la comisión a
solicitud del obrero lesionado o patrono. . . . . '' y la circunstancia de que
el patrono solicitara la reconsideración, no privan al patrono de su derecho
a apelar si finalmente, en tiempo, por la apelación se decide.

RESOLUCIÓN de *Tomás Bryan,* J. (Aguadilla), declarando sin lugar
una petición de *certiorari.  Revocada y devuelto el caso.*

A. *García Ducós,* abogado de la apelante; *El Attorney General* y *J.
A. López Acosta, Guerra Mondragón & Soldevila,* abogados de la
apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Monserrate Cortés González como tutora de Marcelino
Méndez presentó en la Corte de Distrito de Aguadilla, el
10 de enero de 1923, una solicitud de *certiorari* contra cierta
resolución de la Comisión de Indemnizaciones a Obreros.
El *certiorari* fué expedido y en el día de la vista la comisión
pidió que la solicitud fuera desestimada porque la misma
solicitante había acudido a la propia comisión pidiéndole que
reconsiderara la resolución de que se quejaba en el procedi-
miento de *certiorari.*  No obstante la oposición de Monse-
rrate Cortés González, la corte declaró con lugar la moción
de la comisión, desestimó la solicitud de ''certiorari'' y
anuló el auto expedido ''por entender que la resolución re-
currida que se pretende revisar no es definitiva.''  La corte
dispuso además que los autos se devolvieran a la comisión,
de conformidad con su súplica, para que la comisión dictara
su resolución definitiva en el asunto.

Al final de la resolución de la Comisión de Indemnizacio-

nes a Obreros de que se trata, aparece lo que sigue: "Esta resolución podrá ser reconsiderada por la comisión, a solicitud del obrero lesionado o patrono cuando la petición de reconsideración se haga dentro de los treinta días después de notificados." La moción de reconsideración se hizo en efecto el 17 de enero de 1923, dentro del plazo marcado, y estaba pendiente de resolución cuando los autos fueron remitidos a la Corte de Distrito de Aguadilla en cumplimiento del auto de *certiorari* por ella librado.

No conforme la peticionaria con la decisión de la Corte de Distrito de Aguadilla, interpuso el presente recurso de apelación, señalando en su alegato tres errores. Sostiene la apelante que la resolución de la comisión es definitiva y por tanto errónea la decisión de la corte de distrito y que pueden tramitarse a la vez ambos recursos, el de reconsideración y el de apelación. No cita la apelante jurisprudencia alguna, refiriéndose solamente a la decisión de esta corte en el caso de la *Comisión de Indemnizaciones* v. *Corte de Distrito de Aguadilla,* 31 D.P.R. 402, en el que se llegó a la conclusión de que cierto *certiorari* era prematuro, para sostener que no es aplicable a este caso.

Estamos conformes con la apelante en la distinción que hace de ambos casos. En el resuelto el 19 de enero, se trataba de una decisión del presidente de la comisión de la cual debía acudirse "en reconsideración" a la comisión en pleno de acuerdo con lo dispuesto en la ley y aquí la resolución fué dictada por la comisión en pleno. La jurisprudencia establecida no es, pues, aplicable. Este es un caso nuevo que debe resolverse por sus propios méritos.

¿La resolución de la comisión de que se trata, tiene o nó el carácter de definitiva?

La sección 8 de la ley sobre indemnizaciones de accidentes del trabajo tal como fué enmendada por la ley No. 61 de 1921, (p. 483), dice: "En cuanto a los casos de muerte

o de incapacidad parcial permanente, deberán ser resueltos por la Comisión'' y el artículo 9 de la propia ley,—Leyes de 1921, p. 487—, concede al obrero recurso de apelación para ante la corte de distrito de la decisión de la comisión. La ley no fija el trámite de reconsideración como uno que deba seguirse antes de acudirse a la apelación. Siendo ello así la pregunta formulada debe contestarse en la afirmativa.

¿Qué alcance puede tener lo consignado en su decisión por la comisión misma sobre la reconsideración? Todas las sentencias finales son susceptibles de reconsideración aunque nada se consigne en ellas por la corte que las dicta, de acuerdo con la ley. Quizá la comisión en este caso concreto tuvo dudas de su propia resolución y estaba ansiosa de oir nuevamente a las partes. No conocemos cuál sea la práctica general. La comisión apelada no archivó alegato alguno. Pero si el caso que hemos supuesto era la realidad, la comisión lo que debió haber hecho fué señalar una nueva audiencia antes de dictar su resolución definitiva.

Siendo el expuesto nuestro criterio, es necesario concluir que el recurso de apelación se interpuso debidamente para ante la corte de distrito.

La circunstancia de que se pidiera la reconsideración no altera la conclusión a que hemos llegado. Si la parte apelante de una manera clara hubiera manifestado ante la corte de distrito que desistía de la reconsideración, hubiera ella misma despejado su situación por completo. No lo hizo así y su pretensión de que se tramiten los dos recursos a la vez es claramente insostenible. Sin embargo, como insistió fuertemente en sostener su apelación, opinamos que debió continuar conociendo de ella la corte de distrito, y en tal virtud que la sentencia que dicho tribunal dictara *es errónea y debe revocarse.*

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.